# Dates *v.* The State.

## *Murder.*

(Decided Dec. 19, 1907.   45 So. Rep. 163.)

*Criminal Law: Bill of Exceptions; Time for Presentation.*—The time for signing a bill of exception cannot be extended beyond the time of commencement of the term of the court next after that at which the trial is held, even by written consent of the parties or their counsel.   (Rule 30, Supreme Court Practice.)

APPEAL from Talladega City Court.

Heard before Hon. G. K. MILLER.

Moses Dates was convicted of murder and appeals. Affirmed.

JAMES C. BURT, for appellant.

ALEXANDER M. GARBER, Attorney General, and MARION H. SIMS, Solicitor, for the State.

HARALSON, J.—The time for signing a bill of exceptions cannot be extended beyond the commencement of the term of the court succeeding that of the trial, even by written consent of the parties or their counsel.—Code 1896, p. 1200, rule 30.

The regular term of the city court of Talladega begins on the first Monday in September, in each year, and ends on the last day of June of the succeeding year.—Acts 1894-95, p. 1220, § 5.

In this case, the trial was had at the September term, 1906, of the said city court.

On the 18th of May, 1907, the defendant having been convicted, was duly sentenced for murder, and praying an appeal, it was ordered by the court, after suspending the sentence, "that defendant have 60 days from this date (May 18, 1907) in which to present and have filed a bill of exceptions in this case."

What purports to be a bill of exceptions was tendered, and approved by the judge of that court, on the 14th of September, 1907. This action of the court was taken, as stated, "in accordance with the agreement of counsel."

After this order, it was agreed between the attorneys, that 60 days from the time fixed for the signing of a bill of exceptions by order of the court before adjournment, be allowed for preparing and signing a bill of exceptions.

This last period of 60 days overlapped and extended into the September term, 1907, of said court, which began on the first Monday in September of that year, and the bill of exceptions that was signed, under this agreement, was not presented and signed, as has appeared, until the 14th of September in that year, several days after the beginning of the September term, 1907, of said court. Under repeated decisions of this court, the bill of exceptions was signed out of time, and cannot be considered. The motion to strike it must prevail.—*Adams v. State,* 145 Ala. 680, 40 South. 85; *Davis v. State,* 146 Ala. 157, 41 South. 298.

There being no error apparent in the record, the judgment appealed from is affirmed.

Tyson, C. J., and Denson and McClellan, JJ., concur.